315 So.2d 268 (1975)
STATE of Louisiana
v.
Earl Ray ROBINSON.
No. 55939.
Supreme Court of Louisiana.
June 23, 1975.
*269 Donald R. Brown, Dimos, Brown & Erskine, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant was convicted of possession of a controlled dangerous substance (marijuana) with intent to distribute (R.S. 40:966). Harold Lee Jackson, arrested with the defendant, was charged in the same bill of information. The defendants were tried together on October 3 and 4, 1974; only defendant Robinson is before us. He bases his appeal on two specifications of error.
The evidence shows that police had become suspicious that defendant's residence in Monroe, Louisiana was an outlet for drugs. Surveillance of the residence was established; police sent an informer to the front door to purchase marijuana. The informant made the purchase. On the basis of this information a search warrant was obtained. The warrant was executed at approximately 11:20 p. m. of July 25, 1974, the same day upon which the informant had purchased the marijuana, and the officers found five bags of marijuana. Both defendants were present at the time of the search and both were placed under arrest.
The first assigned error attacks the trial judge's conclusion that a witness offered by the State as an expert was sufficiently qualified to testify that the green vegetable matter seized in the defendant's apartment was in fact marijuana.
The witness had only been employed by the police for approximately seven months. However, during this period she had performed the tests used to determine whether or not a sample was marijuana many times. She had received training in these procedures for a period of one month under the supervision of the director of the Northwest Crime Lab in Shreveport. In addition to this specialized training the witness had majored in medical technology in college and had taken several courses in chemistry. The testimony of the witness shows that she was thoroughly familiar with the tests used to determine whether a substance is or is not marijuana. The trial judge correctly concluded that the witness was qualified to testify on this question. R.S. 15:466.
This assigned error is without merit.
Defendant's second assigned error is that the trial judge erred in denying the defense *270 motion for a directed verdict at the close of the State's case. The motion was based on the contention that the State "had not carried the burden of proof." The argument is that the State failed to offer any evidence that the defendant had possessed this marijuana with the intent to distribute it.
Proof of intention may be based on circumstantial evidence. The intention of the defendant may be inferred from the nature and facts of the case. R.S. 15:455. State v. Triplett, La., 285 So.2d 532 (1973).
In this case the defendant had five plastic bags of marijuana hidden under his bed in the house. The witness from the crime lab testified that the marijuana in the bags weighed fifty-seven grams, or approximately two ounces. Defendant argues that possession of this quantity of marijuana is "no evidence" of intention to distribute.
When Officer Davis was asked why he decided to charge the defendants with possession with intent to distribute, he stated that he did so because of the quantity involved. He also testified that he relied on the fact that an informant had purchased a bag of marijuana, similar to the ones seized, from this residence on the day of the search.
The marijuana in question is not a substantial amount. However, the evidence of this sale, although not directly connected to the defendant, is some evidence that the marijuana at this residence was in fact for sale or distribution. The evidence concerning the activities of the informant was relevant to the question of intent, and it was information within the personal knowledge of Officer Davis. The evidence that a sale took place at this address on the day in question is some evidence that the defendant possessed the seized marijuana with the intent to distribute.
Although the motion for a directed verdict actually presents nothing for review, because of the argument made by defendant we have examined the record and find some evidence to support the verdict.
This assigned error is without merit.
Accordingly, the conviction and sentence are affirmed.