464 So.2d 960 (1985)
STATE of Louisiana
v.
Allen BENTON.
No. KA-1995.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*961 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Suzanne Jones, Asst. Dist. Attys., New Orleans, for plaintiff-appellant.
Before REDMANN C.J., and WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Allen Benton was charged with possession with intent to distribute marijuana, and a jury found him guilty of attempted possession with intent to distribute. Benton filed a Motion for Post Verdict Judgment of Acquittal or Modification of Verdict. The Trial Judge modified the verdict, finding that the evidence supported only a conviction of the responsive verdict, possession of marijuana. Louisiana Code of Criminal Procedure Article 821(D) permits the State to appeal from the modified conviction of simple possession, and it has done so, contending that the evidence was sufficient to prove that Benton intended to distribute the marijuana. The State asks this court to reinstate the original jury verdict of attempted possession with intent to distribute. Benton has not appealed the modified conviction, and he has not yet been sentenced.
The evidence before the jury established the following facts: On the morning of February 2, 1983, two plain clothes New Orleans police officers conducted a surveillance of Allen Benton's residence. The officers observed two men approach the house. One of the men waited in front of the house while the other knocked at the front door and was let inside by someone the officers could not see. When he came out of the house about four minutes later, the man handed a small plastic bag to the one who had been waiting outside, and the two walked away together. Less than an hour later, the officers saw a woman walk up to the house, knock on the door and exchange objects with an unseen person who opened the door. The woman waited outside next to the front steps until the front door reopened a few moments later. Again, the woman exchanged objects with someone inside the house. She placed the object she had received in her coat and walked away.
The police officers then marked a ten dollar bill, and one of them went to the house, knocked on the door and told the man who opened the door that he wanted a "dime bag." The man replied that it would cost "twelve cents." The officer handed over the marked bill and an additional two dollars. The man closed the front door, and the officer waited. A few moments later, the man came to the door again and handed the officer a plastic bag of green vegetable material which appeared to be marijuana. The officers terminated the surveillance and returned to the police station, where they determined that the substance was marijuana and obtained a search warrant for the house.
About two and half hours after the surveillance, the officers executed the warrant. Defendant and Lionel Williams, along with several other persons were in the front room of the house. The officers arrested Benton and Williams, whom the officer identified as the person who sold the marijuana to him.[1] The officers found eighty dollars in cash on Benton. They found $151.00, including the marked ten dollar bill, on Williams. Three small plastic bags and one paper coin envelope of marijuana were found hidden under the top of the stove in the kitchen. The officers found no other drugs or drug paraphernalia in the house.
A New Orleans police officer, qualified as an expert in the packaging of marijuana, testified that the drug is commonly sold in plastic bags and coin envelopes such as those found in Benton's stove and that it would be "unlikely" for an individual to keep marijuana packaged that way for personal use. Under cross examination the expert admitted that it was possible for a *962 user of marijuana who made small separate purchases of the drug to store it that way rather than put it all in one container.
The State contends that State v. Robinson, 315 So.2d 268 (La.1975) requires a finding of intent to distribute in this case. Robinson is not determinative here because it applied the "some evidence" standard which was held constitutionally inadequate by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rather than reviewing the record to determine merely whether there is some evidence to support a conviction of intent to distribute, Jackson v. Virginia requires that we view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Because this case involves circumstantial evidence, we also must determine whether a rational trier of fact could have concluded beyond a reasonable doubt that the State's evidence excluded every reasonable hypothesis of innocence. La.R.S.15:438; State v. Shapiro, 431 So.2d 372 (La.1982).
The crime of possession with intent to distribute contains two distinct essential elements which must be proved beyond a reasonable doubt: possession and the intent to distribute. La.R.S. 40:966(A). Since Benton has not appealed his conviction for possession of the marijuana, we consider only the sufficiency of the evidence to prove intent to distribute.
Louisiana R.S. 15:445 provides that although "intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction." Factual circumstances from which the intent to distribute a controlled substance may be inferred include: (1) previous distribution or attempted distribution by the defendant; (2) the presence of paraphernalia for distribution; (3) possession of an amount sufficient to create a presumption of intent to distribute; and (4) packaging in a form usually associated with distribution rather than personal use. State v. House, 325 So.2d 222 (La.1976).
We find that the factual circumstances in this case, when viewed in a light most favorable to the State, support the jury's conclusion that Allen Benton intended to distribute the marijuana found in his kitchen. The State's expert testified that the marijuana found in Benton's kitchen was in a form and of an amount which could be used in distribution.
From the evidence presented at trial, we find that a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of Benton's innocence had been excluded. The trial court was in error in granting defendant's motion and substituting the jury's verdict with a lesser included offence. The jury verdict should be reinstated.
For the foregoing reasons, the ruling of the trial judge is reversed, the original verdict reinstated, and the case is remanded to the lower court for sentencing.
REVERSED AND REMANDED FOR SENTENCING.
WARD, J., dissents with reasons.
WARD, Judge, dissenting with reasons.
I find that the evidence in this case does not support a conviction for either possession of marijuana or possession with intent to distribute.
There is no proof that Benton was home during the surveillance of his house or when the officer purchased the marijuana from Lionel Williams. Although Benton was present two and a half hours later when the police executed the search warrant, Williams and several others were also present, and the marijuana was found in a part of the house accessible to these people. This is not sufficient to prove possession, either actual or circumstantial. Additionally, of the factual circumstances that may show intent to distribute which were enumerated in State v. House, the majority finds only one: The State's expert testified that the form and amount of the drug could have been used in distribution. However, the State's expert testified that *963 the three small bags and one envelope of marijuana found in Benton's kitchen could just as likely have been for personal use. Other circumstances from which intent to distribute may be inferred are lacking. There is no evidence that Benton had ever distributed or attempted to distribute marijuana. Nor was there paraphenalia for distribution in his house.
From this meager and equivocal circumstantial evidence, I do not believe, even viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could find beyond a reasonable doubt that Allen Benton possessed marijuana, much less that he intended to distribute it. Nor do I believe that the evidence excludes every reasonable hypothesis of Benton's innocence. Although I do not believe a rational trier of fact could find Benton's guilt of either crime proven beyond a reasonable doubt, because Benton has not appealed, we cannot review the conviction for possession. Hence, I would affirm the Trial Judge's modification of the verdict.
NOTES
[1] Benton and Williams were tried together. Williams was convicted of possession with intent to distribute marijuana. Williams is not a party to this appeal.