SCHOTT, Judge.
Defendant was charged with possession of marijuana with intent to distribute in violation of R.S. 40:966 and was convicted of attempted possession with intent to distribute. The trial court granted defendant’s motion to modify the verdict and found him guilty of simple possession of marijuana. On the state’s appeal this court reversed the modification, reinstated the verdict and remanded the case for sentencing. State v. Benton, 464 So.2d 960 (La. App. 4th Cir.1985).
Defendant’s second assignment of error, insufficiency of evidence to support the conviction, has already been disposed of in the previous appeal where the court provided a meticulous review of the evidence and concluded that it was sufficient to support the verdict of the jury.
In his other assignment, defendant contends the trial court erred in failing to grant his motion for a mistrial following a reference by a testifying police officer to other crimes committed by defendant. In support of his position defendant relies upon C.Cr.P. Arts. 770 and 771. The following testimony provides the background for defendant’s argument:
“EXAMINATION BY MR. MELTON:
Q. Officer, what did you do to find out who lived at 4560 Reynes Street?
A. 4560 Reynes Street, that particular block and area of Reynes Street is infamous for marijuana.
By Mr. Sentenn:
Objection, Your Honor, to his statements.
BY THE COURT:
That’s sustained.
BY MR. SENTENN:
We ask the jury be directed to disregard that.
BY THE COURT:
Ladies and Gentlemen of the Jury, you are to disregard the last statement made by this counsel. That’s not the point here. The question is you have indicated in regard to who lived at that residence. We want to know what evi *95 dence you have as to who lived at that residence on Reynes Street.
BY THE WITNESS:
Numerous patrols, stops, and discussions of Mr. Benton have indicated to me that is the residence he lives at.
BY MR. GREENBAUM:
I’m going to object to that absolutely and would like to make a motion outside of the presence of the jury.
BY THE COURT:
Well, it’s not going to be necessary. Ladies and Gentlemen of the Jury, you are to disregard the last statement mady by this witness as unresponsive. Disregard it. Ask your next question. (Tr. 75-76)”
C.Cr.P. Art. 770 provides for mandatory mistrial when the judge, district attorney, or a court official makes a remark referring to another crime committed by defendant. However, a police officer is not a “court official” for purposes of this article. State v. Harper, 430 So.2d 627 (La.1983).
C.Cr.P. Art. 771 requires the trial court to admonish the jury to disregard an improper remark made by a witness other than a court official and authorizes the court to grant a mistrial “if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.” We find that the judge’s admonition to the jury in this case was sufficient. The statements do not actually refer to other crimes committed by defendant. They are nothing more than vague references to his neighborhood and previous instances which indicated the particular address to be defendant’s. Our decision is supported by State v. Overton, 337 So.2d 1058 (La.1976) in which the court held that a mistrial was properly denied when a police officer made similar statements even though no admonition to disregard them was given the jury. This assignment is without merit.
Upon examination of the record for errors patent we questioned whether the trial court had jurisdiction to impose an enhanced sentence on defendant pursuant to R.S. 15:529.1. He was originally sentenced to one year at hard labor on April 10,1985. The minute entry shows he made an oral motion for appeal through his counsel who informed the court he would follow up with a written motion. The court set the return date and the amount of the appeal bond. An April 12 minute entry reflects the habi-tiual offender proceedings with the imposition of an enhanced sentence to twenty months at hard labor. The record reflects that defendant through counsel informed the court he was uncertain as to whether he was going to persist in his appeal and he would advise the court of his intentions in several days. Nothing in the record shows that an order of appeal was ever entered so as to divest the trial court of jurisdiction under C.Cr.P. Art. 916 prior to the resen-tencing on April 12. Thus, we find no errors patent on the face of this record.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.