502 So.2d 1105 (1987)
STATE of Louisiana
v.
Bryan MYRE.
No. KA-6077.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1987.
*1106 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before REDMANN, BYRNES and WARD, JJ.
BYRNES, Judge.
The defendant, Bryan Mrye, was convicted of possession of phencyclidine (PCP) with intent to distribute, a violation of R.S. 40:966. Thereafter the State sought enhanced punishment for the defendant under R.S. 15:529.1. Myre pled guilty as a multiple offender and the court sentenced him to ten years at hard labor, with credit for time served and no good time or parole for the first half of the sentence.
On appeal Myre asserts two assignments of error. We find both of these to be without merit and affirm his conviction and sentence.

FACTS
On July 10, 1986, officers Willow and Stretz were assigned to patrol a playground on General Meyer Avenue where a high incidence of drug dealing was known to occur. They were working in conjunction with two other officers who were stationed in an unmarked car. As Willow and Stretz drove around the playground in a marked unit, the other officers, Wilson and Serpas, surreptitiously watched the area from their unmarked car. From their vantage point, Serpas and Wilson were able to see Myre walk to a tree and set down a brown paper bag he had been carrying when he saw the marked unit slowly approach the bleachers on which he was sitting. Myre then walked away, but continued to keep an eye on the bag from a distance. When Wilson and Stretz were informed by radio of this suspicious activity, they drove their marked cruiser to the area of the bleachers. In response, Myre walked away from the area, leaving the bag behind. *1107 The officers then retrieved the paper bag and discovered that it contained 17 hand-rolled cigarettes, individually wrapped in aluminum foil, which were later found to contain a combination of marijuana and PCP ("click'ems"). When Myre who had been kept under surveillance, was arrested he was found to have two hundred and sixty four dollars in his pockets.

ASSIGNMENTS OF ERROR I
By his first assignment of error, the defendant alleges that the trial court erred in denying his motion to suppress the evidence consisting of the paper bag and the seventeen cigarettes it contained. Specifically, Myre asserts that there was insufficient evidence to support the Judge's finding that the paper bag and its contents were abandoned by the defendant and thus subject to search and seizure by the police without a search warrant. We do not agree.
Once a defendant makes a showing at a motion to suppress hearing that a warrantless search occurred, the State has the burden of proving that one of the exceptions to the warrant requirement is applicable. State v. Roberds, 393 So.2d 715 (La.1981). In the present case, officers Willow and Stretz testified at the suppression hearing that Wilson and Serpas, who had the defendant under surveillance, informed them that he had "thrown" or "dropped" a bag next to a tree and walked away. These officers also testified that when they drove their police cruiser to the area where Myre was sitting, he left the area without retrieving the paper bag.
Defendant claims that he did not abandon the paper bag and that the police had no right to seize it. In support of this assertion, the defendant cites the testimony of officer Wilson that the defendant "set the bag down, and walk[ed] away just kind of keeping a vigilance on the bag". We are not persuaded by this isolated segment of testimony that the defendant did not intend to abandon the bag. Later in Officer Wilson's testimony, he stated that as the marked cruiser approached the bleacher area, "[t]he subject then began walking away from the area". Officer Serpas' testimony corroborates the fact that the defendant left the area of the tree when he noticed the police car proceeding towards him. Under these circumstances we conclude that the defendant fully intended to dispose of and distance himself from the illicit drugs contained in the paper bag when he threw it to the ground. Because his actions constituted an abandonment of his interests in the paper bag and its contents, the Motion to Suppress was properly denied.
This assignment is without merit.

ASSIGNMENT OF ERROR 2
By this assignment of error, Myre contends that the evidence was insufficient to convict him of possession with intent to distribute PCP. In reviewing this claim we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). This test applies to both direct and circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985)
In order to convict the defendant in this case, the State was required to prove two elements of the offense: possession and intent to distribute. In proving the first element of the offense, an expert in the identification of controlled and dangerous substances testified that the seized cigarettes tested positive for marijuana and PCP. The testimony of Officers Wilson and Serpas showed that the defendant was observed by them carrying the bag which contained these cigarettes prior to leaving it beside a tree. From this testimony we conclude that a rational jury could have found beyond a reasonable doubt that the defendant possessed the PCP laced cigarettes.
Regarding the second element of the offense, R.S. 40:966 requires a showing *1108 of specific intent to distribute. State v. Elzie, 343 So.2d 712 (La.1977). Specific intent is defined by R.S. 14:10(1) as:
"... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
Intent to distribute may be inferred from the circumstances of the transaction. R.S. 15:445, State v. Greenway, 422 So.2d 1146 (La.1982). In the instant case, the State was required to prove beyond a reasonable doubt by direct or circumstantial evidence that the defendant possessed the cigarettes containing the PCP with the specific subjective intent to distribute the substance. Factual circumstances from which the intent to distribute a controlled substance may be inferred include: previous distribution or attempted distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. House, 325 So.2d 222 (La.1976); State v. Benton, 464 So.2d 960 (La.App. 4th Cir.1985).
At trial, the State placed into evidence the seventeen cigarettes laced with PCP that were seized from the paper bag the defendant had abandoned. The cigarettes were described as being individually wrapped in aluminum foil. The State produced an expert in the use, distribution and the packaging of PCP who testified that this method of packaging the so-called "clickers" was "consistent with retail street distribution". This expert further stated that in his opinion the quantity confiscated was not consistent with an amount reserved for personal use. Moreover, he testified that the potency of a PCP laced marijuana cigarette was such that a recreational user would usually use only one cigarette a day. Additionally, at the time of his arrest, the defendant had in his possession $264.00 in cash. Considering these facts and the additional fact that the playground where Myre was arrested was a known drug trafficking area, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant had the specific intent to distribute the PCP he possessed. Jackson, supra.
This assignment of error is without merit.

ERRORS PATENT
We have also reviewed the record for errors patent and note an error in the defendant's sentencing. Myre was sentenced to ten years at hard labor with credit for time served and no good time or parole for the first half of the sentence after being convicted of a violation of R.S. 40:966 and adjudicated a second offender. Under R.S. 15:571.3(C), the defendant was automatically denied eligibility for diminution of sentence for good behavior (good time). See State v. Bickman, 367 So.2d 283, 288 (La.1978). Accordingly, the trial judge was without the authority to make Myre eligible for good time during any period of his incarceration. However, because this error in sentencing is clearly favorable to the defendant, and the prosecutor did not raise this issue on appeal, we cannot amend or set aside this illegally lenient sentence. State v. Fraser, 484 So.2d 122, 125 (La.1986).
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.