550 So.2d 1254 (1989)
STATE of Louisiana
v.
Samuel M. ROBERTS.
No. 88-KA-1054.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1989.
*1255 Harry F. Connick, Dist. Atty., Charles L. Collins, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, WILLIAMS and ARMSTRONG, JJ.
BYRNES, Judge.
Defendant Samuel M. Roberts was charged with and convicted of possession of cocaine with intent to distribute. La. R.S. 40:967. He was sentenced to serve seven years at hard labor. Roberts appeals his conviction and sentence relying on six assignments of error.[1] We affirm the defendant's conviction and sentence.
The New Orleans Police Department received information from a confidential informant which prompted them to initiate a surveillance of the defendant's residence at 909 Atlantic Street in New Orleans. On March 19, 1987 at approximately 9:30 p.m. Officers Kirk Noya and Fred Zander drove to the area of the residence and parked their vehicle about a block away. While seated in their vehicle and observing through binoculars, the policemen saw a dark late model Chevrolet drive up to the front of the residence and a white male exited the vehicle. He knocked on the door and the defendant answered. The white male was observed to hand the defendant what appeared to be cash. The defendant thereafter went inside the house and returned a few minutes later. He then handed a small packet to the white male. The white male proceeded to his car and left the scene.
Approximately ten minutes later, a dark green Ford automobile, occupied by another white male, arrived in front of the defendant's residence. The white male proceeded to the door, where he knocked, and was greeted by the defendant. The white male handed the defendant currency and was momentarily admitted into the residence. As the pair returned to the porch the defendant handed the white male a small object. The second white male got into his vehicle and left the scene.
Officers Noya and Zander secured a search warrant and returned to the defendant's residence at approximately 1:00 a.m. the next morning in order to execute it. They knocked on the door several times; and, receiving no response they kicked in the door. They observed three children asleep in one of the bedrooms and a white male asleep in the living room. The white male was difficult to awake but upon being aroused he told the police that the defendant and his wife had gone to a lounge known as "The Tavern" on Newton Street.
The police searched the residence and confiscated a scale, a syringe, a vial, an envelope which appeared to reveal a tally sheet of drug sales and a utility bill for the residence bearing the defendant's name. The scale which was seized contained a white powder residue which tested positive for cocaine.
Officers Noya and Zander, with another officer proceeded to the Tavern where they observed the defendant's vehicle. The police entered the lounge where they saw the *1256 defendant and his wife. They escorted the defendant outside where Officer Zander searched him and found eight small packets of cocaine in his pants pocket. Officer Noya also looked into Mrs. Robert's purse.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, counsel for the defendant seeks a review of the record for errors patent on its face. La.C.Cr.P. Art. 920.
We have reviewed the pleadings and proceedings and observed one patent error. The defendant was sentenced on the same day that his motion for a new trial was denied. Although a sentence shall not be imposed until twenty-four hours after the motion is overruled, in this case the error is harmless as the defendant has demonstrated no actual prejudice as a result of the failure to observe the delay. La.C.Cr.P. Art. 873. State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987).

ASSIGNMENT OF ERROR NO. 2
In this pro se assignment of error the defendant contends that the trial court erroneously admitted falsified documents into evidence. The documents which he calls into question are the police report and the return on the search warrant.
Our review of the record indicates the police report was not admitted into evidence. Additionally, the defendant himself was responsible for the return on the search warrant being admitted into evidence in support of his impeachment of the testimony of Officer Noya. As such he cannot now be heard to complain of its admission. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
In this pro se assignment of error the defendant argues that the search of his person was illegal because the search warrant was solely for his home.
Following the trial court's denial of the defendant's motion to suppress the evidence he applied with this court for supervisory writs to review that ruling. (K-8427). The identical issue was raised by the defendant before this Court at that time. This Court rejected the defendant's contention finding that there existed probable cause for the defendant's arrest and search of his person.
The defendant now makes no new argument as to why the search of his person is illegal and for this reason we find the allegation to be without merit. See State v. Denis, 468 So.2d 12 (La.App. 4th Cir.1985).

ASSIGNMENT OF ERROR NO. 4
The defendant, by this pro se assignment of error, argues that there is insufficient evidence to find him guilty of possession of cocaine with the intent to distribute. La-R.S. 40:967. He specifically argues that in his case the police did not find any money on his person or in his home.
In order to successfully prove the crime of possession of narcotics with the intent to distribute, the State must prove a specific intent to distribute. La.R.S. 40:967. State v. Elzie, 343 So.2d 712 (La.1977). Specific intent may be inferred from the circumstances of the transaction. La.R.S. 15:455. State v. Greenway, 422 So.2d 1146 (La. 1982). Mere possession of narcotics is not, in and of itself, evidence of an intent to distribute, unless the quantity of drugs possessed is so large that no other inference is reasonable. State v. Greenway, supra. In State v. Myre, 502 So.2d 1105 (La.App. 4th Cir.1987) this Court discussed several factual circumstances which would support an inference of an intent to disbribute narcotics. In Myre, supra at 1108 this Court stated:
Factual circumstances from which the intent to distribute a controlled substance may be inferred include: previous distribution or attempted distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. House, 325 So.2d 222 (La.1976); State v. Benton, 464 So.2d 960 (La.App. 4th Cir.1985).
*1257 In reviewing this claim of insufficient evidence, we must determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Rosiere, 488 So.2d 965 (La.1986). This test applies to both direct and circumstantial evidence. State v. Myre, supra.
In this case although no money was found on the defendant or in his home, the arresting officers personally observed two drug transactions take place, seized eight packets of cocaine from the defendant and drug paraphernalia from his home which was consistent with distribution. Therefore viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of possession of cocaine with an intent to distribute.
Accordingly this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. 5
In this pro se assignment of error the defendant claims that the trial court erred in allowing his attorney to represent his wife when the attorney advised Mrs. Roberts to invoke her privilege against self incrimination under the Fifth Amendment.
Defendant alleges that his lawyer had a conflict of interest and he should not have so advised his wife who was willing to tell the truth.
The record reveals that Mrs. Roberts was called as a witness. Out of the presence of the jury she was asked by the defense counsel if she understood that her testimony could subject her to criminal prosecution and she answered affirmatively. The court then asked her whether she understood that she did not have to say anything and, if she did, that if it were incriminating, it could be used against her. The witness answered affirmatively. She thereafter invoked her privilege against self incrimination under the Fifth Amendment and the State objected arguing she should have separate counsel. The court apparently overruled the objection and stated that the State could examine her on all matters except those that would incriminate her. Thereafter counsel for the defendant invoked his spousal privilege.
There is no evidence that Mrs. Roberts was represented by defense counsel or that she was his client. Mrs. Roberts was called as a fact witness. As such, the defendant's argument that his attorney had a conflict of interest is without a foundation in fact. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment of error the defendant contends that a vial allegedly found at his residence was erroneously admitted into evidence and constituted a "surprise" in that it was not listed on the return for the search warrant.
Louisiana Revised Statute Title 15 Section 441 defines relevant evidence as follows:
LA.R.S. 15:441 Relevant evidence defined; facts admissible
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
In this case, according to the testimony of Officer Noya although the vial was not listed on the search warrant's return, it was an item seized from the defendant's residence. As such the evidence was relevant evidence and properly admitted into evidence. The weight to be given this item of evidence was thereafter a matter for the jury's determination. For these reasons this assignment of error lacks merit.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Five of the assignments of error are pro se.