596 So.2d 403 (1992)
STATE of Louisiana
v.
Joseph YOUNG.
No. 90-KA-2161.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1992.
Writ Denied June 26, 1992.
*404 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before LOBRANO, ARMSTRONG, JJ., and BRYAN, J. Pro Tem.
TREVOR G. BRYAN, Judge Pro Tem.
Defendant, Joseph Young, was charged by bill of information with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967. He pleaded not guilty; and on August 27, 1990, was tried and found guilty by a twelve-person jury. On September 4, 1990, defendant was sentenced to fifteen years at hard labor and was ordered to pay $159.00 in court costs or serve an additional thirty days in jail in default of payment. The State filed a multiple bill to which defendant admitted on October 5, 1990. The trial court vacated the original sentence and then reimposed it.
On the evening of May 3, 1990, Officers Hayward Hewitt and Jimmy Slack were investigating the sale of cocaine in the 3400 block of Louisa Street. Participating in the investigation was Edmond Henry, a police recruit operating undercover. At approximately 7:30 p.m., Henry drove past McGee's Lounge where he was flagged down by defendant.
Defendant walked up to Henry's car, and Henry asked what defendant had. Defendant in turn asked Henry what he needed; and Henry replied that he needed a "twenty," meaning a twenty dollar piece of crack cocaine. At that time another man walked up and tried to sell cocaine to Henry, but defendant told the other man to go away because it was his "buy." The other man left, and Henry gave defendant a twenty dollar bill. Defendant then gave Henry two small pieces of crack. He asked Henry to test it, but Henry told defendant that he would take defendant's word that it was cocaine. The entire conversation between defendant and Henry was tape-recorded by Henry.
As Henry drove off, he gave a description of defendant to Hewitt and Slack who were parked a half block away and had watched the transaction. They had also *405 listened to the conversation between defendant and Henry by way of the audio equipment in Henry's car.
Hewitt and Slack pursued defendant who had crossed the street and was standing in front of a convenience store talking to another person. Hewitt exited the car and identified himself as an officer. At that point, defendant dropped three small "Ziplock" bags each containing a piece of crack which were seized.
At trial defendant denied selling crack to Henry and denied that the crack seized by Hewitt was his. He further denied that the voice on the tape was his.
Defendant appeals, seeking review of the conviction and sentence, assigning as error
(1) the State's failure to present sufficient evidence of defendant's guilt;
(2) the trial court's instruction on reasonable doubt;
(3) defense counsel's ineffectiveness in failing to object to an incorrect jury charge on reasonable doubt; and
(4) the trial court's imposition of court costs or additional jail time for failure to pay costs.
The defendant also filed a pro se brief seeking review for errors patent, and arguing that there was insufficient evidence of guilt, ineffective assistance of counsel, and the trial court gave an erroneous reasonable doubt jury instruction.
Defendant contends that the State failed to prove beyond a reasonable doubt that he possessed the crack cocaine with the intent to distribute it. He argues that the State failed to prove that his possession of the three pieces of crack found on the ground was with the intent to distribute rather than for his own personal use. In his pro se brief defendant argues that the State failed to show that the substance seized was in fact cocaine and that the State failed to establish a proper chain of evidence.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987). When a conviction is based upon circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Camp, 446 So.2d 1207 (La.1984). This is not a stricter standard of review than otherwise, but it is an evidentiary guide for the jury when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
To support a conviction of possession of cocaine with intent to distribute, the State must prove that the defendant knowingly or intentionally possessed the cocaine and that he did so with the intent to distribute it. R.S. 40:967; State v. James, 581 So.2d 349 (La.App. 4th Cir.1991); State v. Carroll, 546 So.2d 1365 (La.App. 4th Cir. 1989). The State must prove specific intent to distribute, but specific intent can be inferred from the circumstances of the transaction. State v. Roberts, 550 So.2d 1254 (La.App. 4th Cir.1989).
In State v. Myre, 502 So.2d 1105, 1108 (La.App. 4th Cir.1987), another panel of this Court set forth the factual circumstances that would support an inference of intent to distribute:
Factual circumstances from which the intent to distribute a controlled dangerous substance may be inferred include: previous distribution or attempted distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. House, 325 So.2d 222 (La. 1976); State v. Benton, 464 So.2d 960 (La.App. 4th Cir.1985).
*406 The State proved beyond a reasonable doubt that defendant possessed cocaine with intent to distribute considering all of the circumstances. The defendant had just minutes earlier sold crack cocaine to Henry. From this fact, a rational trier of fact could have inferred the necessary mens rea to distribute the three pieces of crack seized by Hewitt. Therefore, this assignment of error is without merit.
The defendant further complains that the trial court gave the jury an erroneous instruction on reasonable doubt and that trial counsel was ineffective for failing to object to the charge. First, defendant argues that under Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the charge was erroneous and that the error was not harmless. Second, he argues that review of this question is not precluded despite the lack of a contemporaneous objection. Third, he argues that if review is precluded due to the lack of an objection, trial counsel rendered ineffective assistance for failing to object.
The jury charge on reasonable doubt in this case is virtually identical to one found unconstitutional in Cage; thus, the charge should not have been given. However, trial counsel did not object. On appeal, defendant asserts that the error is reviewable under the "plain error" doctrine. This argument was rejected in State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied 588 So.2d 1110 (La.1991). In Dobson, another panel of this Court held that the failure to lodge a contemporaneous objection as required by C.Cr.P. arts. 801 and 841 to a Cage jury charge precluded appellate review of the issue. Thus, although this writer has criticized the rationale of Dobson, we are constrained to find that the question of whether the jury charge constitutes reversible error, as opposed to harmless error, cannot be reviewed.
The remaining issue is whether trial counsel's failure to object to the charge, and thereby preserve the issue for appellate review, constitutes ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986). Nevertheless, in the interest of judicial economy, this Court can consider a claim of ineffective assistance if the record on appeal contains sufficient evidence to address the merits of the claim. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
In the present case, the record is sufficient to make a determination whether defendant's trial counsel was ineffective in this particular regard.[1] In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two part test to be used to determine whether counsel was ineffective. The court stated:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. 466 U.S. at 687, 104 S.Ct. at 2064.
The defendant must make both showings before it can be found that his conviction resulted from a breakdown in the adversary process that renders the result unreliable. Id.
A claim of ineffective assistance of counsel may be disposed of based upon a finding that either one of the two Strickland criteria has not been established. State v. James, 555 So.2d 519 (La.App. 4th Cir. 1989), writ denied 559 So.2d 1374 (La. *407 1990). If the claim fails to establish either criterion, the reviewing court need not address the other. State ex rel. Murray v. Maggio, 736 F.2d 279 (5th Cir. 1984).
Based upon a review of the record, the defendant failed to show that he was prejudiced by his trial counsel's failure to object to the reasonable doubt jury charge. In order to prove prejudice, defendant must show that there was a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Strickland, supra. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
Had defendant's counsel objected to the jury charge at trial, that would have preserved the issue for appellate review. Hence, the critical issue is whether the erroneous jury charge constituted reversible, and not harmless, error.
Cage was remanded to the Louisiana Supreme Court for further proceedings; and in State v. Cage, 583 So.2d 1125 (La.1991), the court applied the harmless error analysis to determine whether the invalid reasonable doubt charge constituted reversible error.
A trial error is harmless when a reviewing court is convinced that the error was harmless beyond a reasonable doubt. Chapman [v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ]. The State has the burden of demonstrating that the trial error did not contribute to defendant's conviction. If a reviewing court finds that the trial record establishes guilt beyond a reasonable doubt, the interests of justice have been satisfied and the judgment should be affirmed. Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). Id., 583 So.2d at 1127-1128.
The court found that the error was harmless beyond a reasonable doubt after considering the entire record. The court found that there was no significant evidence that would have caused reasonable doubt and that the evidence of the defendant's guilt was overwhelming.
In the present case, the evidence of defendant's guilt was overwhelming, and it appears beyond a reasonable doubt that the erroneous jury charge did not contribute to the jury's verdict. The jury must have disbelieved defendant's testimony that he did not sell crack to Henry and that the crack seized by Hewitt was not his. Defendant was recorded selling cocaine to Henry, and Hewitt clearly saw defendant dispose of the three pieces of crack. Because the error in the jury charge is harmless, there is no basis to conclude that the defendant was prejudiced by trial counsel's failure to object to the reasonable doubt jury charge.
These assignments of error are therefore without merit.
In his pro se brief, the defendant complains of ineffective assistance of counsel in that trial counsel failed to investigate, failed to subpoena defense witnesses, agreed to a false stipulation, failed to cross-examine prosecution witnesses, and failed to discuss the case with him prior to trial. As previously discussed, claims of ineffective assistance are more properly raised in an application for post-conviction relief where an evidentiary hearing can be held by the trial court unless the record contains sufficient evidence to address the issue on appeal. As to the claims of ineffective assistance, other than that previously discussed, there is not enough evidence in the appellate record to allow such review. Thus, these claims should be raised in an application for post-conviction relief where an evidentiary hearing on defendant's claim can be conducted.
Defendant also complains that the trial court erred in imposing court cost or an additional thirty days in jail in default of payment of those costs.
Throughout these proceedings, defendant has been represented by the Orleans Indigent Defender Program (O.I.D.P.). Representation by O.I.D.P. has been held to be proof of a defendant's indigence. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). An indigent defendant cannot be required to serve additional jail time for failure to pay court costs. State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988); State v. Ellzey, 496 *408 So.2d 1090 (La.App. 4th Cir.1986). Thus, defendant's sentence is illegal and must be amended to delete the additional thirty days imprisonment in default of payment of court costs.
Accordingly, for the foregoing reasons, the defendant's conviction for possession of cocaine with intent to distribute is hereby affirmed. Defendant's sentence is amended to delete the imposition of additional jail time in default of payment of court costs, and the sentence, as amended, is hereby affirmed.
AFFIRMED; AND AS AMENDED; AFFIRMED.
NOTES
[1] In his pro se brief, the defendant raises several other instances of ineffective assistance of trial counsel which will be discussed later.