604 So.2d 180 (1992)
STATE of Louisiana
v.
Lloyd JAMES.
No. 91-KA-1724.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1992.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Harry F. Connick, Dist. Atty. and Jack Peebles, Asst. Dist. Atty., Orleans Parish, New Orleans, for plaintiff/appellee.
Before SCHOTT, C.J., and BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Lloyd James, was charged by bill of information with the possession of cocaine, a violation of R.S. 40:967(C)(2). He pled not guilty at his arraignment. After a trial, a six member jury found the defendant guilty as charged. He was sentenced to serve five years at hard labor. The State subsequently filed a multiple offender bill of information alleging that the defendant is a triple offender. The State amended the multiple offender bill by removing one of the previous convictions. The defendant pled guilty to being a second offender. The trial court then vacated the original sentence imposed and resentenced the defendant to serve five years at hard labor.
On December 29, 1990, Officer Warner Tureaud of the Harbor Police Department, was assigned to run radar equipment near the 4000 block of France Road. Officer Tureaud observed a silver Toyota speeding in excess of eighteen miles an hour over the speed limit. The vehicle was occupied by two males; the defendant in this case was the passenger. Officer Tureaud stopped the vehicle and requested a driver's license from the driver. The driver could not produce a license so Officer Tureaud asked him to step out of the car. At that time, Officer Tureaud noticed a strong odor of marijuana emanating from the car. Officer Tureaud then asked the passenger to step out of the car.
Officer Tureaud was questioning the driver about his driver's license, when the driver fled the scene on foot.[1] Officer Tureaud did a pat down search of the defendant and found a hand rolled marijuana cigarette in his pocket. A "visual sweep" of the car then revealed a clear plastic bag, containing approximately twenty pieces of crack cocaine, on the console directly between the two front seats. The bag was in plain view as was two partially burned hand rolled marijuana cigarettes located on the passenger side floorboard. A 9mm weapon was also found on the driver's side *181 floorboard. The defendant was arrested and transported to Central Lock Up.
A review of the record for errors patent reveals none.
By the defendant's sole assignment of error he alleges that the evidence is insufficient to convict him of possession of cocaine. The standard of review for a claim of insufficient evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This Court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson, supra; State v. Mussall, 523 So.2d 1305 (La.1988).
R.S. 40:967(C) defines possession of cocaine as follows:
It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978 or R.S. 40:1239, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
The State and the defense entered into a stipulation that the substance taken from the vehicle was in fact cocaine. And, the defendant's argument here does not dispute that element. The defendant's argument is that the evidence was insufficient to show the requisite control over the cocaine.
The defendant claims that his conviction should be reversed pursuant to the Louisiana Supreme Court case of State v. Bell, 566 So.2d 959 (La.1990). In that case, two persons were occupying a car when the police approached to request that they turn down the music. The officers noticed "a distinctively wrapped package containing a white powder among cassette taped on a plastic console placed over the transmission hump of the car." Id. at 959. Both the driver and the passenger were convicted of attempted possession of cocaine. The Louisiana Supreme Court reversed the conviction and sentence of the passenger because "the State had no evidence that Bell [the passenger] exercised any control over Davis' car, that he had any other drugs in his possession on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia." Id. at 960. The Court admitted that "the jury could have reasonably found that Bell was aware of the package (and its contents) on the console in Davis' car." Id. at 959. But the Court held that "the state must prove that the defendant had dominion and control over the contraband in order to establish his constructive possession of it." Id. at 959. The Court did go further, however, and stated that "each case turns on its particular facts." Id. at 960.
The defendant, here, likens his case to Bell, and claims that the only difference between this case and Bell, is that the defendant, here, was found to have one marijuana cigarette on his person. The defense claims that since it was cocaine that was found on the console, and not marijuana, the state has established no link between the two different substances. Therefore, his conviction should be reversed in accordance with Bell.
The State argues that the present set of facts is different from those in Bell. "In Bell, the car was owned by the driver and parked only two doors away from his residence, while in the present case the identity of the owner of the vehicle was not established; in Bell, `... the state had no evidence... that he [Bell] had any other drugs in his possession on his person, or that he appeared under the influence of narcotics ...' 566 So.2d at 960. In the present case, the arresting officer smelled marijuana on the defendant and then found marijuana on his person." The State further relies on State v. Edwards, 354 So.2d 1322 (La.1978), which holds that the fact finder may draw reasonable inferences based on the evidence presented at trial.
In this case, as opposed to Bell, the officer smelled marijuana on the defendant AND he was found to be in possession of marijuana. In Bell, the Supreme Court *182 reversed because the state had no evidence, inter alia, that Bell had any other drugs in his possession on his person, or that he appeared under the influence of narcotics. Bell, 566 So.2d at 960. The facts of this case distinguish it from Bell. Furthermore, the factors enumerated by this court in State v. Harris, 585 So.2d 649 (La.App. 4 Cir.1991), to determine whether a defendant exercised dominion over the drugs so as to constitute possession support defendant's conviction. The drugs were in the open and their presence in the car was evident to defendant; the drugs were less than an arm's length from defendant; the location of the drugs provided defendant with easy and immediate access to them; and there was evidence of drug abuse by defendant at the time he was arrested.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The driver was apprehended by another officer approximately four blocks away. The driver was not charged in the same bill of information and the disposition of his case is unknown.