666 So.2d 1118 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Hilman LAWS, Defendant-Appellant.
No. CR95-593.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*1120 Richard Phillip Ieyoub, Lake Charles, Morgan J. Goudeau III, Opelousas, Donald J. Richard, Asst. Dist. Atty., for State.
William Tracy Barstow, Opelousas, for Hilman Laws.
Before KNOLL, THIBODEAUX and AMY, JJ.
KNOLL, Judge.
This appeal concerns Hilman Laws' jury conviction of possession of cocaine with the intent to distribute, a violation of La.R.S. 40:964(A) and 967(A)(1). After reviewing a pre-sentence investigation, the sentencing court sentenced defendant to serve a term of imprisonment of 144 months at hard labor. Defendant appeals, relying on five assignments of error. We affirm.

FACTS
The Opelousas Police Department was given information that illegal drugs were being sold from defendant's apartment on Ballard Street. Darren Ballard, a confidential informant, agreed to aid the department in its investigation. Ballard, supplied with tape recording equipment and marked money for the drug buy, arranged to purchase drugs from defendant's apartment.
At 5:30 a.m. on January 6, 1992, the police accompanied Ballard and hid themselves within sight of the back door of the apartment. The confidential informant met defendant and defendant's friend, Terrance Andrus, on the back porch of defendant's apartment and asked to buy $100 of crack cocaine. After Ballard handed defendant the $100, Andrus gave the cocaine to Ballard. At this point, the police came out of hiding and arrested defendant and Andrus. They found 12 rocks of crack cocaine in a plastic bag on the ground next to Andrus. The $100 of marked drug money was found near the defendant.
In a voluntary statement to the Opelousas Police Department, defendant said:
Jan. 6, 1992 at about 5:45 a.m. I (Hilman), Terrance Andrus, and Trevor Daughtery were at my house at 829 Ballard Street. We were drinking beer in the back bedroom. Terrance walked outside then walked back into the house. Someone knocked at the door. Terrance told me that someone was at the door. I went outside and Terrance followed behind me. There was a guy on my back porch. The guy (last name Ballard) told Terrance that he had a bill (street term for $100.00). Terrance then came out with a bag that had some "rock". The guy (Ballard) said to Terrance, "Fix me up nice". Terrance then told me to hold the money. I grabbed the money flipped it. That's when ya'll (the police) came.

SUFFICIENCY OF THE EVIDENCE
Defendant contends that the evidence was insufficient to support a verdict finding him *1121 guilty of possessing cocaine with the intent to distribute. The State's contention to the jury was that defendant was a principal to the drug transaction between Ballard and Andrus.
When an appellate court examines sufficiency of evidence, the standard of review is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude, beyond a reasonable doubt, that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the conviction is based upon circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. This is not a stricter standard of review, but it is an evidentiary guide for the jury when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). If a case involves circumstantial evidence, and a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984). Moreover, it is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Richardson, 425 So.2d 1228 (La. 1983).
To support a conviction of possession of cocaine with the intent to distribute, the State must prove that the defendant knowingly or intentionally possessed the narcotic and that he did so with the intent to distribute it. State v. Pollard, 93-1960 (La. App. 4 Cir. 7/14/94), 640 So.2d 882. Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. State v. Bell, 566 So.2d 959 (La. 1990). Being a resident of the premises where drugs are found is not in and of itself sufficient to prove constructive possession. Pollard, 640 So.2d 882. Notwithstanding, a person found in the area of contraband can be considered in constructive possession if it is subject to his dominion and control, and each case turns on its particular facts. State v. Trahan, 425 So.2d 1222 (La.1983). The defendant can have constructive possession if he jointly possesses the drugs with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. Pollard, 640 So.2d 882.
The following factors should be considered in determining whether defendant exercised dominion and control so as to constitute constructive possession: defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the area was frequented by drug users. Id.
It is well recognized that the State must prove specific intent to distribute. State v. Roberts, 550 So.2d 1254 (La.App. 4 Cir.1989), writ denied, 558 So.2d 599 (La. 1990). Specific intent can be inferred from the circumstances of the transaction. State v. Myre, 502 So.2d 1105 (La.App. 4 Cir.1987).
Factual circumstances from which the intent to distribute a controlled dangerous substance may be inferred include: previous distribution or attempted distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use.
Id. at 1108.
La.R.S. 14:24 defines principals as "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime...." To support a defendant's conviction as a principal, the State must show that the defendant had the requisite mental state for the crime. State v. Brooks, 505 So.2d 714 (La.1987), cert. den., 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d *1122 363 (1987). A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or indirectly counsels or procures another to distribute the controlled dangerous substance. Pollard, 640 So.2d 882.
Perry Gallow, a sergeant with the Opelousas Police Department, testified that he was within 6 to 8 feet of Ballard, Andrus, and defendant at the time of the drug transaction. He testified that Andrus came out of the house first, and then went back in and exited with defendant. He stated that Andrus was playing with something in his hand. He said that Ballard walked up to defendant and Andrus and stated that he had a bill, street talk for a hundred dollars. Gallow said that Ballard handed the money directly to defendant and that Andrus then handed the crack cocaine to Ballard. Accordingly, we find that the State proved that defendant committed an act aiding or abetting the sale of crack cocaine.
Defendant, who was on probation for distribution of cocaine at the time of this transaction, testified in his own behalf. He contended that he did not realize what was happening, that he did not see the transaction, and that Andrus received the money from Ballard and then handed it to defendant. Andrus also testified. He said that he and defendant went onto the porch to smoke because defendant did not want his mother, who was in the apartment, to see him do drugs. Andrus also stated that he did not know if defendant had foreknowledge that a drug sale was going to take place.
After ascribing the credibility determinations of defendant and Andrus to the jury, viewing the evidence in the light most favorable to the prosecution, we find that the State proved defendant's guilt beyond a reasonable doubt. Defendant accompanied Andrus, known to defendant to be carrying drugs, to the back porch of defendant's apartment, where Ballard handed the money to defendant and twelve rocks of crack cocaine were immediately transferred to Ballard. While the defendant was not found in actual possession of the cocaine, we find that the facts were sufficient for reasonable jurors to conclude that defendant had dominion and control over it to constitute constructive possession of the crack cocaine. See State v. Cormier, 94-537 (La.App. 3 Cir. 11/2/94), 649 So.2d 528.
Therefore, we find no merit to defendant's assignment of error.

TESTIMONY OF LIEUTENANT RONNIE TRAHAN
Defendant contends that the trial court erred in allowing Lieutenant Ronnie Trahan to explain that in illegal drug sales, a "ten" is a ten-dollar rock of crack cocaine. Defendant argues that Lieutenant Trahan was not qualified as an expert and thus could not give an opinion on this topic.
It is axiomatic that a defendant may not urge a ground for an objection that was not raised in the trial. State v. Johnson, 438 So.2d 1221 (La.App. 3 Cir.1983). In the present case, defendant's objection at trial to Lieutenant Trahan's testimony was grounded on an assertion that the tape recording of the drug bust was the best evidence of what a "ten" meant. For the first time on appeal, defendant presents a new argument and attempts to assert that the lieutenant was not qualified as an expert before being allowed to state what a "ten" meant. Accordingly, this assignment of error is not properly before us.

INTRODUCTION OF DEFENDANT'S STATEMENT
Defendant contends that the trial court improperly allowed the State to introduce his statement without first requiring it to conduct a hearing pursuant to La.R.S. 15:451 to determine that the statement was given freely and voluntarily. At trial, defendant argued for the first time that his statement was not free and voluntary because he was intoxicated. The trial court overruled defendant's objection, finding that his objection came too late.
La.R.S. 15:449 provides:
The term "admission" is applied to those matters of fact which do not involve criminal intent; the term "confession" is applied only to an admission of guilt, not to an *1123 acknowledgment of facts merely tending to establish guilt.
Where a person only admits certain facts from which the jury may or may not infer guilt, there is no "confession." State v. Jones, 451 So.2d 35 (La.App. 2 Cir.), writ denied, 456 So.2d 171 (La.1984). However, admissions involving the existence of criminal intent are governed by rules applicable to confessions. State v. Maney, 242 La. 223, 135 So.2d 473 (1962).
After carefully examining La.R.S. 15:449 in light of Jones and Maney, we do not find that defendant's statement constituted a confession since he neither admitted guilt nor admitted facts that showed the existence of criminal intent. Rather, defendant simply admitted that he held the money and "flipped" it. Accordingly, we do not find that La.R.S. 15:451, the prerequisite for the admission of confessions into evidence, was applicable.
Nevertheless, after carefully reviewing the record, we find that before introducing defendant's statement into evidence, the State showed that defendant's statement was free and voluntary, and that it was not made as a result of threats, force, violence, offers, promises, or inducements.
Therefore, we find no merit to defendant's assignment of error.

CURTAILMENT OF DEFENDANT'S CROSS-EXAMINATION
Defendant next contends that the trial court erred in unduly restricting his cross-examination of Sergeant Gallow. Defendant argues that his question was legitimate, that the restriction of cross-examination prohibited him from developing evidence that may have aided his defense, and that the trial court's evidentiary ruling gave the impression to the jury that defendant's statement alone was sufficient to convict him.
Defense counsel was cross-examining Sergeant Gallow when the following trial colloquy occurred:
Q. Other than the fact that Mr. Laws [defendant] just happened to be there when this drug deal went down, other than the fact that Mr. Andrus submitted a statement which is contrary to what you say, what other evidence, if any, do you have that Mr. Laws participated in this alleged crime?
Mr. Richard [State's attorney]: That's for the jury to determine what evidence there is.
The Court: The objection is sustained.
We observe that defense counsel's question essentially asked the witness for his appreciation of the evidence as it related to defendant's guilt. As such, the question clearly invaded the province of the jury. See La. C.E. art. 704. It is up to the jury, not the witness, to analyze what evidence the State has adduced to prove defendant's guilt. Moreover, no prejudice occurred since astute counsel for the defendant was in no way limited in highlighting in closing argument how he thought the State's case against defendant was weak. Accordingly, we find no error in the trial court's restriction of Gallow's cross-examination.

RELEVANCY: PERMISSION TO SEARCH HOUSE
In this assignment of error, defendant contends that the trial court erred in ruling that his questions about whether the police secured permission to search defendant's residence were not relevant and, therefore, inadmissible. Defendant argues that this issue addresses the credibility of the police officers.
"Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La.C.E. art. 401. Whether evidence is relevant is within the discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of clear abuse of discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
We have carefully reviewed the record and find that the search of defendant's residence was not an issue in the case. Testimony did bring out that defendant's apartment was searched and that no drugs, other than those found near Andrus and defendant *1124 on the back porch, were found in the apartment. Clearly, the trial court did not abuse its discretion in disallowing this testimony on the ground that evidence of whether a search warrant had been obtained was not relevant. Therefore, we find no merit to defendant's assignment of error.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
THIBODEAUX, J., dissents with reasons.
THIBODEAUX, Judge, dissenting.
I dissent from the majority opinion. The evidence is insufficient to sustain a conviction and the defendant should be acquitted of this offense.
The majority correctly observes that a circumstantial case must exclude every reasonable hypothesis of innocence. The state's theory was that the defendant was a principal to the drug transaction between Ballard and Andrus. It is well known that a defendant may not be convicted as a principal without the requisite intent. State v. West, 568 So.2d 1019 (La.1990). Possession of cocaine with intent to distribute requires specific intent. State v. Porter, 547 So.2d 736 (La.App. 3 Cir.1989).
What did the state show? It proved the defendant was present when the transaction took place and that he held the cash the confidential informant, Ballard, brought to buy the crack cocaine. The money was found on the ground near the defendant. The defendant was not heard to say anything during the transaction.
Andrus testified that the defendant had come onto the porch with him to "smoke," as he did not want his mother to see him using drugs. Both Andrus and Laws testified that the defendant is a drug user, not a seller.
Such evidence is insufficient to establish specific intent to distribute. Specific intent is defined by La.R.S. 14:10(1):
Specific intent is that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Given that standard, the principle that circumstantial evidence must exclude every reasonable hypothesis of innocence, and the state's ever-present duty to prove its case beyond a reasonable doubt, the circumstances indicate pretty clearly, in my view, that the defendant did not actively desire the distribution of this contraband. The circumstances fit a scenario in which the defendant followed Andrus onto the porch to smoke crack; the circumstances also fit the state's scenario, but not enough to exclude doubt. The defendant's act of accepting the money, while suggestive, is insufficient to establish specific intent to distribute. There was simply a lack of evidence showing the defendant's participation.
While our society is rightfully concerned over the prevalence of drugs, we should not let this concern transcend the rights of an accused. The defendant happened to be in an area where a drug transaction took place. That is about all the state proved. It is well known that the mere presence of a defendant in an area where drugs are found or the mere fact that a defendant knows that a person is in actual possession of drugs is insufficient to prove constructive possession. It takes more than that. Guilty knowledge is an essential element. State v. Williams, 608 So.2d 266 (La.App. 3 Cir.1992); State v. Bell, 566 So.2d 959 (La.1990). It was lacking in this case.
For the foregoing reasons, I respectfully dissent.