716 So.2d 927 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
George E. JOSEPH, Defendant-Appellant.
No. CR98-48.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1998.
*928 Ronald Brandon, Don M. Burkett, Many, for State of Louisiana.
Lawrence Charles Billeaud, Lafayette, for George Edward Joseph.
Before THIBODEAUX, SAUNDERS and WOODARD, JJ.
THIBODEAUX, Judge.
The defendant, George E. Joseph, asserts that the evidence is insufficient to sustain his convictions for possession of cocaine and possession of marijuana. We agree and reverse his conviction on each offense.

FACTS
On April 2, 1996, Officer Tracy McCormick of the Sabine Parish Sheriff's Office observed the defendant operating a vehicle with one headlight out. After stopping the vehicle, Officer McCormick noted the smell of alcohol on the defendant's breath and asked for and received permission to search the vehicle. Officer McCormick noted a thirty-two-ounce cup positioned in the console of the vehicle, between the bucket seats. Other officers arrived at the scene as the search began. Officer McCormick discovered two plastic bags in the cup, which contained six smaller bags with a green leafy substance that he believed to be marijuana. Upon removing the bags, he discovered that the second bag contained sixteen rocks of what appeared to be cocaine. Crime laboratory analysis of the materials confirmed Officer McCormick's suspicion. Officer McCormick removed the bags from the vehicle and arrested the defendant. The defendant was transported to the Parish Detention Center, where "rolling papers" were discovered in the defendant's wallet during the post-arrest inventory.
During the defendant's trial, Ms. Sandra Slater testified that the vehicle driven by the defendant belonged to her, and that the drugs found in the car belonged to her as well. She stated that she lent the vehicle to the defendant occasionally, and that she did not believe that the defendant was aware of the presence of the drugs. The defendant also denied any knowledge of the existence of the drugs. After hearing the evidence, the jury convicted the defendant of possession of cocaine and possession of marijuana. The trial court sentenced the defendant to three years at hard labor for the cocaine conviction and six months for the marijuana conviction, to be served concurrently.
The defendant contends that the state failed to introduce sufficient evidence to convict him of the crimes of possession of cocaine and possession of marijuana.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). It is the role of the factfinder to weigh the respective credibility of witnesses, and the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluation under the Jackson standard. State ex rel. Graffagnino, 436 So.2d 559. Additionally, when the conviction is based on direct evidence and circumstantial evidence, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a reasonable juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987).
The defendant asserts that the evidence offered to prove possession of the illegal *929 substances was circumstantial in nature. He says that it was reasonable to conclude that he had no knowledge that the drugs were located in the automobile, and that the state's case did not exclude this reasonable hypothesis of innocence.
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. However, while an evaluation of other reasonable hypotheses of innocence provides a helpful methodology for determining the existence of reasonable doubt, the reviewing court does not simply determine whether there is another hypothesis which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether any alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Jones, 96-1581 (La.App. 3 Cir. 6/4/97); 696 So.2d 240.
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. The defendant was convicted of possession of cocaine, in violation of La.R.S. 40:967, and possession of marijuana, a violation of La.R.S. 40:966.
Louisiana Revised Statute 40:967© states in pertinent part:
It shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified as Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course and scope of his professional practice, or except as otherwise authorized by this Part.
Cocaine is classified as a Schedule II drug under La.R.S. 40:964(A)(4).
Louisiana Revised Statute 40:966© states in pertinent part:
It shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified as Schedule I unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course and scope of his professional practice, or except as otherwise authorized by this Part.
Marijuana is classified as a Schedule I drug under La.R.S. 40:964(C)(22).
The state is not required to show actual possession of the drugs in order to convict, but only that the defendant exercised dominion and control over the illegal substances. State v. Trahan, 425 So.2d 1222 (La.1983). Further, this court has recently held that:
Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. Being a resident of the premises where drugs are found is not in and of itself sufficient to prove constructive possession. Notwithstanding, a person found in the area of contraband can be considered in constructive possession if it is subject to his dominion and control, and each case turns on its particular facts. The defendant can have constructive possession if he jointly possesses the drugs with a companion and if he willfully and knowingly shares with his companion the right to control the drugs.
The following factors should be considered in determining whether defendant exercised dominion and control so as to constitute constructive possession: defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the area was frequented by drug users.
State v. Laws, 95-593 (La.App. 3 Cir. 12/6/95); 666 So.2d 1118, 1121 (citations omitted), writ denied, 96-0089 (La.9/13/96); 679 *930 So.2d 102. See also State v. Stelly, 96-1296 (La.App. 3 Cir. 4/30/97); 693 So.2d 305.
As previously discussed, Officer McCormick searched the automobile driven by the defendant and discovered the cup with the illegal drugs inside located in the console between the vehicle's bucket seats. However, no illegal drugs were found on the defendant's person, and no evidence was introduced that the defendant was using illegal drugs at the time of his arrest. Furthermore, there was no direct indication that defendant was aware of the presence of the drugs in the vehicle. Cf. State v. James, 604 So.2d 180 (La.App. 4 Cir.1992) (where marijuana was found on the person of the defendant, the smell of marijuana was evident at the time of the stop, and marijuana butts were found on the floorboard of the vehicle).
In fact, Ms. Slater, the owner of the vehicle, testified that defendant was driving the vehicle because he had agreed to perform repairs to the automobile. This testimony was uncontradicted. She further testified that she was the owner of the drugs and that she did not believe the defendant was aware of their presence in the vehicle. There was no evidence directly linking the defendant to the seized items, and no evidence that the defendant knew that the contraband items were present in the vehicle. The evidence is simply insufficient.

CONCLUSION
Under these circumstances, we cannot say that the evidence adduced at trial excluded the reasonable hypothesis that the contraband belonged solely to Ms. Slater and that the defendant exercised no dominion or control over the illegal drugs. For this reason, we reverse defendant's convictions, set aside his sentences and order the entry of a judgment of acquittal.
CONVICTIONS REVERSED, SENTENCES VACATED AND SET ASIDE, AND CASE REMANDED FOR ENTRY OF JUDGMENTS OF ACQUITTAL.
WOODARD, J., dissents.