772 So.2d 128 (2000)
STATE of Louisiana
v.
Glynn Warren REYNOLDS.
No. CR99-1847.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
*129 Thomas Walsh, Jr., Assistant District Attorney, Alexandria, LA, Counsel for the State.
George Higgins, Pineville, LA, Counsel for Defendant.
(Court composed of OSWALD A. DECUIR, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.)
SULLIVAN, Judge.
On February 12, 1999, Glynn W. Reynolds was charged by bill of information with one count of theft of currency valued in excess of $500.00, a violation of La.R.S. 14:67. On February 23, 1999, he entered a plea of guilty to the offense charged, as well as to other unrelated charges, and was sentenced. Defendant's sentence was suspended, and he was placed on three years supervised probation. He was ordered to pay a fine of $1,000.00, plus costs. In the event he failed to pay the fine and costs, he was ordered to serve sixty days in the parish jail. The trial court imposed a number of conditions on Defendant's probation, including that he pay at least $30,000.00 in restitution, with any additional amount of restitution to be determined at a hearing.
Defendant's restitution hearing was held on May 7 and 21, 1999. After the hearing, the trial court ordered him to pay restitution in the amount of $39,700.00, together with legal interest from the date of each theft until paid. On June 21, 1999, Defendant filed a motion to reconsider sentence, which was denied. Defendant appeals, alleging nine assignments of error.

*130 FACTS
Defendant, an attorney in Alexandria, was hired by Jamie Jordan to perform certain legal services. Ms. Jordan was curatrix of her mother, who had been interdicted, and of her father, who had been placed under a veteran's guardianship. Defendant created a Spendthrift Trust, allegedly to obtain tax benefits for Ms. Jordan, as the sole heir of her parents. Defendant was designated as trustee of the trust. Subsequently, Ms. Jordan's parents died, and she hired Defendant to handle her parents' successions. When the successions were not completed in a timely manner, Ms. Jordan hired another attorney to complete the successions. The attorney obtained the bank records of the trust and determined that Defendant had written checks totaling $39,700.00 on the account which were payable either to cash or to himself. He advised Ms. Jordan to pursue the criminal charges which are the basis of this matter.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, the record has been reviewed for errors patent on the face of the record and one error was discovered. The trial court failed to establish a payment schedule for the payment of restitution ordered, the fine assessed, and costs. In State v. Dean, 99-475 (La.App. 3 Cir. 11/3/99); 748 So.2d 57, we determined that La.Code Crim.P. art. 895.1 requires the sentencing court to specify a payment schedule if restitution is ordered. The trial court's failure to do so in this matter requires that the matter be remanded with instructions that the trial court specify a payment schedule.

DISCUSSION
Defendant alleged several errors with the amount of restitution ordered by the trial court. In his motion to reconsider sentence, he simply alleged that his sentence was excessive. However, he did urge and argue some of the errors raised in this appeal at the restitution hearing. Thus, the trial court was informed of those alleged errors at the restitution hearing. In State v. Aggison, 628 So.2d 1115 (La. 1993), it was held that "[c]ounsel's argument and objection [at the sentencing hearing] satisfied the requirement of La. C.Cr.P. art. 881.1 A(2), governing motions for reconsideration of sentence, that the defendant make known orally `at the time of sentencing ... the specific grounds on which the motion is based.' See State v. Singleton, 614 So.2d 1243 (La.1993), decided March 19, 1993." For this reason, we will address those errors raised and argued by Defendant at the restitution hearing.

ASSIGNMENT OF ERROR NOS. 1 and 2
Defendant claims the trial court erred in ordering the payment of interest. First, he argues that the award of interest was over and above Ms. Jordan's actual pecuniary loss. Second, he argues that interest was not properly awarded in a criminal procedure and should have been pursued by Ms. Jordan in a civil proceeding. Defendant cites La.Code Crim.P. art. 895.1 in support of his arguments.
Article 895.1(A) provides for the payment of restitution by a defendant who is placed on probation when a victim has suffered "any direct loss of cash." Restitution shall be ordered "in a reasonable sum not to exceed the actual pecuniary loss to the victim." La.Code Crim.P. art. 895.1(A). The victim can also recover other damages available to him "under the law," however, recovery of those damages must be pursued in a separate civil action. Id. Sub-part B of Article 895.1 grants the trial court discretion to order the defendant to pay an additional amount of money to compensate the victim "for his loss and inconvenience."
Defendant argues that the phrase "not to exceed the actual pecuniary loss to the victim" limits the amount of restitution *131 to the "actual amount of money which the State alleges was illegally misappropriated by the defendant." We do not agree. Interest, being money, is pecuniary. Further, interest is viewed as compensation for the loss of use of one's money. Morris v. People's Bank & Trust Co. of Natchitoches, 93-934 (La.App. 3 Cir. 7/27/94); 642 So.2d 225, reversed on other grounds, 94-2808 (La.11/27/95); 663 So.2d 19.
In ordering restitution for the misappropriated money and legal interest, the trial court considered the provisions of Articles 895 and 895.1 and recognized a distinction in Article 895.1(A) between "actual pecuniary loss" which could be awarded by the court in sentencing a defendant, and other damages available to the victim which could be pursued in a civil suit. The trial court determined "if ... you can get a pencil out and come up with a figure, then that is the amount that the court is allowed to order under Article 895.1 and under 895.1(B)(5). I think that interest on that would be allowed."
The trial court's decision in ordering restitution should not be disturbed absent an abuse of discretion. State v. Metlin, 467 So.2d 876 (La.App. 3 Cir.1985). We find no abuse of discretion by the trial court in ordering Defendant to pay interest on the amounts stolen by him.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant claims the trial court erred in allowing the expert testimony of Michael Walters, a Board Certified Tax Attorney and CPA, to show that interest should be awarded. Defense counsel objected to Mr. Walters' testimony on the ground that it was not relevant and was speculative.
"Whether evidence is relevant is within the discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of clear abuse of discretion." State v. Laws, 95-593, pp. 8-9 (La.App. 3 Cir. 12/6/95); 666 So.2d 1118, 1123, writ denied, 96-89 (La.9/13/96); 679 So.2d 102, citing State v. Chaney, 423 So.2d 1092 (La.1982). We find no error with the trial court's decision to allow this testimony. While the trial court did order Defendant to pay interest, its determination was ultimately based upon Articles 895 and 895.1 of the Code of Criminal Procedure. To the extent that its conclusions may have been influenced by Mr. Walters' testimony, we note that the "[s]ources of information from which a sentencing court may draw are extensive and the traditional rules of evidence are not bars to consideration of otherwise relevant information." State v. Jones, 587 So.2d 787, 796 (La.App. 3 Cir.), writ denied, 590 So.2d 78 (La. 1991).
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant claims the trial court erred in not allowing evidence of unpaid legal fees and expenses owed by Ms. Jordan to him. Acknowledging that he could not receive a set-off for the unpaid work performed on the trust itself, Defendant asked if he could receive a set-off for unpaid legal work performed on other matters. The request was denied.
Compensation takes place by operation of law when two people owe each other money. La.Civ.Code art. 1893. However, compensation does not occur "if one of the obligations is to return a thing of which the owner has been unjustly dispossessed." La.Civ.Code art. 1894. The comments to this article note that "wrongdoers or parties who have acted in bad faith are not allowed to set up the plea of compensation," citing Rhodes v. Hooper, 6 La.Ann. 355 (1851); Succession of Cox, 32 La.Ann. 984 (1880); Hitt v. Herndon, 166 La. 497, 117 So. 568 (1928). Ms. Jordan was "unjustly dispossessed" of her money by Defendant's illegal actions. Accordingly, compensation did not occur and the trial court's refusal to admit evidence of Defendant's unpaid fees was not error.

*132 ASSIGNMENT OF ERROR NO. 7
By this assignment, Defendant claims the trial court erred in quashing the subpoena duces tecum of Ms. Jordan's contemporary bank records. He contends these records would have shown the rates of return on other investments Ms. Jordan had in place during the same period as the theft. We find no merit to this assignment.
The restitution hearing was held on two separate days. On the first day, Ms. Jordan testified and was available for questioning by defense counsel. He did not question her. In the interim before the second hearing date, Ms. Jordan was served with Defendant's subpoena duces tecum which defense counsel admitted was burdensome. According to defense counsel, the purpose of the subpoena was to obtain documents showing the rate of interest Ms. Jordan was earning on other funds during that time frame. The trial court quashed the subpoena because Ms. Jordan was present and testified at the first hearing and because it did not consider the information relevant. As previously noted, a ruling on the relevance of evidence sought to be introduced is within the trial court's discretion. Unless there is an abuse of discretion, the trial court's ruling will not be disturbed. Laws, 666 So.2d 1118. We find no abuse in the trial court's ruling on the subpoena duces tecum.

ASSIGNMENT OF ERROR NO. 8
Defendant next claims that the trial court erred in failing to allow the introduction of previous tax returns of Ms. Jordan and her parents, arguing the evidence was relevant to show the rates of return on investments chosen by Ms. Jordan. However, Ms. Jordan's accountant testified that the tax returns did not show any principal invested or a rate of return on any investments. The returns included 1099s provided by financial institutions which reported paying income to the recipient. According to the accountant, documents regarding investments would have to be obtained from the financial institutions issuing the 1099s. Defendant did not rebut the accountant's testimony. We find no error with the trial court's refusal to allow introduction of the tax returns.
In this assignment, Defendant also seems to be arguing that introduction of the tax returns should have been allowed to validate his decision to create the Spendthrift Trust. This argument was not urged at the restitution hearing nor in the motion for reconsideration. Accordingly, it was waived. La.Code Crim.P. art. 881.1(D).

ASSIGNMENT OF ERROR NO. 9
Defendant claims the trial court erred in determining the amount of money misappropriated by him. He argues that, if Ms. Jordan would have closed the account on which the checks were written sooner than she did, she would not have incurred additional fees on the account. This argument ignores the fact that the amount of money taken from the account for which the trial court ordered restitution was determined by adding together all of the checks written and signed by him that were payable to cash or to himself. Thus, Defendant was ordered to pay restitution only on the actual checks written by him for his own benefit. There was no consideration by the trial court of any bank fees or the account balance at the time Ms. Jordan closed the account. This assignment has no merit.

ASSIGNMENT OF ERROR NOS. 4 and 6
Defendant has abandoned both of these assignments.

DECREE
For the reasons stated herein, we affirm the amount of restitution ordered by the trial court. However, this matter is remanded and the trial court is instructed to establish a payment schedule for the restitution imposed. If the fine and costs are *133 also to be paid pursuant to a pay plan, a schedule should be established for this amount also.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.