819 So.2d 424 (2002)
STATE of Louisiana
v.
Roger LeBLANC.
No. 01-1503.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*425 Michael Harson, District Attorney, 15th JDC, Lafayette, LA, Counsel for State of Louisiana.
G. Paul Marx, Attorney at Law, Lawrence Charles Billeaud, Attorney at Law, Lafayette, LA, Roger LeBlanc, Allen Corr Cen.Mercury D-2, Kinder, LA, Counsel for Roger LeBlanc.
Court composed of HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX and BILLIE COLOMBARO WOODARD, Judges.
YELVERTON, J.
Following a bench trial, the Defendant, Roger LeBlanc, was found guilty of possession of marijuana with intent to distribute, a violation of Louisiana Revised Statute 40:966(A)(1). He was sentenced to serve ten years at hard labor and ordered to pay a fine of five thousand dollars. The Defendant appeals assigning two errors, insufficiency of the evidence to convict, and an excessive sentence.

FACTS
On February 27, 1997, a caller complained to the Vermilion Parish Sheriffs Office, Sergeant Touchet, about suspected drug activity at a neighboring house belonging to James Thompson in the area known as "Four Corners." The caller gave a partial license number of a vehicle arriving at the house. The caller did not give any indication that the car was involved in drug activity. The four-door blue Crown Victoria was traced to Defendant, Roger LeBlanc. LeBlanc was the subject of an arrest warrant for an unrelated felony charge. Sergeant Touchet contacted the officer in charge of the unrelated matter.
A surveillance of the house began. Sergeant Touchet and several officers of the Vermilion Parish Sheriffs Office awaited the return of Roger LeBlanc. Hours later, LeBlanc arrived at the house. Two men and the Defendant exited the Defendant's vehicle. The officers ordered the three individuals near the car, the Defendant, James Thompson and Eddie Touchet, III, to get down on the ground. The men were questioned and patted down by the officers. The officers then requested *426 permission to search the vehicle. The Defendant consented. A green, zippered knapsack was found on the front passenger side of the Defendant's vehicle. Inside the knapsack were twenty-one, clear Ziplock storage bags containing what was later found to be marijuana totaling two hundred grams of gross weight.
Roger LeBlanc, the Defendant, advised officers that he had no knowledge of the contents of the knapsack and that it was not his. Eddie Touchet, III, was the passenger in the front seat of the vehicle. Touchet immediately claimed ownership of the knapsack. Touchet and the Defendant were both arrested for possession with intent to distribute marijuana. Touchet later pleaded guilty. The Defendant elected a bench trial and was convicted.

ERRORS PATENT
In accordance with Louisiana Code of Criminal Procedure Art. 920, all appeals are reviewed by this court for errors patent on the face of the record. We found no errors patent.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant submits there is insufficient evidence to sustain a conviction for possession with intent to distribute marijuana. The Defendant contends the marijuana belonged to a passenger in the vehicle. He argues there is insufficient evidence to show that he knowingly possessed an illegal substance. Also, according to the Defendant, every reasonable hypothesis of his innocence was not applied.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the factfinder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See Graffagnino, 436 So.2d 559 at 563, citing State v. Richardson, 425 So.2d 1228 (La.1983).
To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt. Therefore, we must consider whether sufficient evidence of each element of possession of marijuana with intent to distribute was introduced. The relevant law, Louisiana Revised Statute 40:966(A)(1), provides in pertinent part "... it shall be unlawful for any person knowingly and intentionally: (1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I."

Possession of marijuana
The State and the Defendant do not disagree that the substance found was marijuana and that it was found in a knapsack in the Defendant's vehicle. However, the Defendant submits that is the sum and substance of the evidence against him; that it was not proved he had any knowledge of the contents of the knapsack and that the evidence against him is totally circumstantial. He further asserts that it is reasonable to conclude he had no knowledge of the knapsack's content, and that *427 the State's case did not exclude this reasonable hypothesis of innocence.
The law as to circumstantial evidence is explained in Louisiana Revised Statute 15:438: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
The State was required to prove two things beyond a reasonable doubt: possession of the substance and the intent to distribute it.
The prosecution is not required to show actual possession in order to convict. The State need only show that the defendant exercised dominion and control over the illegal substance. The mere presence of the defendant in the area where narcotics are discovered is insufficient to support a finding of possession. What must be shown is that the defendant had a direct right and ability to exercise control. Additionally, the prosecution must show guilty knowledge. (Citations omitted).
State v. Newberry, 560 So.2d 121 at 123 (La.App. 3 Cir.1990). See also State v. Cormier, 97-382, p. 3 (La.App. 3 Cir. 10/15/97), 702 So.2d 929 at 932.
The following factors should be considered in determining whether a defendant exercised dominion and control so as to constitute constructive possession: defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the area was frequented by drug users.
State v. Laws, 95-593, p. 3 (La.App. 3 Cir. 12/6/95), 666 So.2d 1118 at 1121, writ denied, 96-0089 (La.9/13/96), 679 So.2d 102.
In support of the States's case, the testimony and evidence in this case established that the Defendant was spotted at a location being investigated for drug trafficking. The Defendant was the owner and driver of the car on the premises. Inside the vehicle on the front passenger side was a closed knapsack, which contained twenty-one Ziplock bags of marijuana, weighing nearly one and one-half pounds. This location was easily within the reach of and accessible to the driver. These facts support a finding that the Defendant could have exercised dominion and control over the illegal substance.
On the other side of the question, there was no evidence presented at trial that the Defendant knew about the presence of drugs at the house or drug trafficking at the residence. There was no evidence introduced at trial that the Defendant had drugs or drug paraphernalia on his person at the time of arrest, nor was there evidence introduced at trial that he knew the contents of the knapsack. The knapsack had no identification or other indicia of ownership. A passenger in the vehicle claimed, both at the scene and at trial, to be the owner of the knapsack. There was no evidence that the Defendant had a history of drug distribution. Defendant's mere presence at the Thompson house is not enough to convict.
When Eddie Touchet, III, the front seat passenger, testified at trial, he had already pleaded guilty to possession with intent to distribute the marijuana. Although Touchet claimed ownership of the drugs, the court did not find his testimony credible. Touchet's testimony was consistent with what he told officers before his arrest. According to Major Mike Couvillion's testimony, Touchet claimed ownership of the *428 marijuana at the scene. When Touchet was questioned at trial about ownership and origin of the drugs, he refused to provide sufficient facts and claimed Fifth Amendment protection. Further, Touchet gave conflicting statements regarding the ownership of the marijuana. Touchet's father testified for the State, on rebuttal, that his son told him shortly after being bonded out of jail that the drugs belonged to the Defendant and another person. During his own testimony, Touchet refused to give information even when ordered to do so by the judge. He was eventually held in contempt for his refusal to answer and was sentenced to six months in the parish jail.
In State v. Green, 96-208 (La.App. 3 Cir. 11/6/96), 683 So.2d 1292, writ denied, 96-2892 (La.6/13/97), 695 So.2d 963, this court stated:
The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), writ denied, 507 So.2d 226 (La.1987).
Id. at 1297.
When the conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime.
State v. Jacobs, 504 So.2d 817 at 820 (La. 1987).
The trial court's rejection of Touchet's credibility and testimony may be regarded as a finding that Touchet was not the owner of the marijuana, but it does not establish that the Defendant was the owner or that he had constructive possession of it. The credibility determination takes Touchet's direct testimony out of the picture, leaving the case one of circumstantial evidence against the Defendant regarding possession of the marijuana. The only circumstance that was proved that weighs against the Defendant is that marijuana was found in a closed knapsack on the passenger side of his car. There was simply no other evidence presented in this short trial that consisted only of the testimony of two sheriff's deputies, Touchet, and Touchet's father on rebuttal. The record evidence is simply insufficient for an inference of actual or constructive possession.
In State v. Joseph, 98-48 (La.App. 3 Cir. 7/1/98), 716 So.2d 927, this court found insufficient evidence to support convictions for possession of cocaine and possession of marijuana, as there was no evidence the defendant was aware of the presence of the drugs. The owner of the vehicle had lent it to the defendant. The drugs were in a cup on the console and the owner acknowledged their presence. The defendant, at both the time of his arrest and at trial, denied ownership of the drugs and knowledge of their presence. This court noted there was no evidence that defendant used illegal drugs at the time of his arrest, no illegal drugs were found on his person and no direct evidence was introduced to show defendant was aware of the presence of the drugs. In conclusion, this court stated: "Under these circumstances, *429 we cannot say that the evidence adduced at trial excluded the reasonable hypothesis that the contraband belonged solely to Ms. Slater and the defendant exercised no dominion or control over the illegal drugs." Id. at 930.
In State v. James, 604 So.2d 180 (La. App. 4 Cir.1992), the fourth circuit found sufficient evidence was introduced to show that James exercised dominion and control over drugs found in the open center console of the vehicle. The court noted the drugs were within reach of the driver (James) and thus, James had immediate access to the drugs. However, unlike the facts of the present case or Joseph, the James court cited evidence of drug use by the defendant as a factor supporting conviction. Additionally, in James, the drugs at issue were in the open console of the vehicle. In the present case, the drugs at issue were found in a closed knapsack. Further, the instant case is similar to Joseph in that another person claimed ownership of the drugs.
We find that Defendant's hypothesis of innocence was reasonable and not sufficiently negated and thus, a rational factfinder could not conclude beyond a reasonable doubt that the Defendant was aware of the contents of the knapsack and exercised dominion and control over it. Our finding that there was insufficient evidence to sustain a conviction of possession renders it unnecessary for us to discuss intent to distribute and the sentence.
For the above reasons, the Defendant's conviction is reversed, his sentence is vacated and set aside, and an acquittal is ordered entered of record.
REVERSED; ACQUITTAL ORDERED.