# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CR03-249

**STATE OF LOUISIANA**

**VERSUS**

**ARTHUR MAJOR, III**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NUMBER 97-180297
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLIE COLOMBARO WOODARD
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ned E. Doucet, Jr., Chief Judge, Billie Colombaro Woodard, and Jimmie C. Peters, Judges.

**Doucet, C. J., dissents and would affirm the conviction.**

**REVERSED.**

Honorable J. Phillip Haney, District Attorney
Thomas C. Sennette, Jr., Assistant District Attorney
415 South Main Street, Suite 200
St. Mary Parish Courthouse, 5th Floor
Franklin, Louisiana 70538
(337) 828-4100, Extension 550
Counsel for State/Appellee

Carey J. Ellis
Post Office Box 719
Rayville, Louisiana 71269
(318) 728-2043
Counsel for Defendant/Appellant:
    Arthur Major, III

WOODARD, Judge.

On appeal, we considered whether the evidence presented at trial was sufficient to support the Defendant's conviction for possession of cocaine in excess of 400 grams. We determined that a rational factfinder could not have concluded beyond a reasonable doubt that the Defendant was aware of the cocaine hidden inside the vehicle he was driving. Thus, we reverse.

* * * * *

On June 9, 1997, a state trooper stopped Mr. Arthur Major, III, for a traffic violation. He was driving a rental vehicle which three passengers occupied.

Soon after he exited the vehicle, the trooper noticed that he seemed nervous. When the trooper attempted to question the passengers still sitting in the car, immediately, he smelled marijuana. When he asked them where they were coming from and where they were going, the Defendant and the passengers gave conflicting stories.

The trooper then asked Mr. Major for his consent to search the rental vehicle. He gave it in writing. The search revealed more than a pound of cocaine under the dashboard above the glove box.

The State charged Mr. Major with possession of cocaine with the intent to distribute. Thereafter, an amended bill of information was filed, charging him with possession of more than 400 grams of cocaine.

On March 12, 2002, a jury found him guilty. On June 21, 2002, he was sentenced to forty years in prison at hard labor.

He appeals, asserting that: (1) there was insufficient evidence to legally convict him of possessing more than 400 grams of cocaine; (2) the sentence is unduly harsh and excessive under the circumstances of this case; and (3) his Sixth Amendment right to a speedy trial was violated.

1

**\* \* \* \* \***

**INSUFFICIENT EVIDENCE**

To support a defendant's conviction, we must assess the sufficiency of evidence by determining whether any rational trier of fact could have found proof beyond a reasonable doubt for each of the essential elements of the crime, while examining the evidence in the light most favorable to the prosecution.[1]

> [W]hen circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La.R.S 15:438 is not a separate test . . . but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt.[2]

To prove that a defendant was in possession of cocaine, the prosecution must establish that he was in possession of the cocaine and that he knowingly or intentionally possessed it.[3] "Guilty knowledge is an essential element of the crime of possession of cocaine."[4] The State is also required to prove that the amount possessed was "four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964."[5]

The Defendant asserts that no rational juror could have found him guilty of possessing 400 grams of cocaine or more.

---

[1]*State v. Magee*, 98-1325 (La.App. 4 Cir. 12/15/99), 749 So.2d 874, *writ denied*, 99-3587 (La. 6/2/00), 763 So.2d 593.

[2]*Id.* at 876 (citations omitted).

[3]*State v. Drummer*, 99-858 (La.App. 4 Cir. 12/22/99), 750 So.2d 360, *writ denied*, 00-0514 (La. 1/26/01), 781 So.2d 1257.

[4]*Id.* at 363.

[5]La.R.S. 40:967(F)(1)(c).

*Guilty Knowledge and Proof of Possession*

In *State v. Newberry*,[6] this court explained:

> The prosecution is not required to show actual possession in order to convict. The State need only show that the defendant exercised dominion and control over the illegal substance. *The mere presence of the defendant in the area where narcotics are discovered is insufficient to support a finding of possession. What must be shown is that the defendant had a direct right and ability to exercise control.* Additionally, the prosecution must show guilty knowledge.

(Emphasis added.) These factors are considered to determine whether a defendant exercised enough dominion and control to constitute constructive possession: his knowledge that drugs were in the area; his relationship with the person in actual possession; his access to the area where the drugs were found; evidence of recent drug use; his proximity to the drugs; and any evidence that drug users frequented the area.[7]

In the instant case, to prove guilty knowledge, the State produced evidence that Mr. Major was the driver and claimed to be the renter of the car. At the time of the stop, the rental agreement was approximately six months old; however, it bore neither his name nor the name of any of the passengers. More than 400 grams of cocaine were found hidden under the dashboard, above the glove compartment. The car also contained a box of dryer sheets. One of the State's witnesses testified that such sheets are sometimes carried in an attempt to throw drug-detection dogs off the scent.

One of the three passengers in the car possessed marijuana. During the initial stop, the Defendant acknowledged that marijuana had been smoked in the car. However, he was not charged in connection with the marijuana.

The Defendant gave no direct testimony establishing that he knew of the cocaine under the dashboard, and the authorities did not develop any fingerprints. Thus, the State exclusively relied upon circumstantial evidence.

---

[6] 89-735, p. 4, 560 So.2d 121, 123 (La.App. 3 Cir. 1990) (citations omitted).

[7] *State v. Laws*, 95-593, p. 4 (La.App. 3 Cir. 12/6/95), 666 So.2d 1118, 1121, *writ denied*, 96-89 (La. 9/13/96), 679 So.2d 102.

In *State v. LeBlanc*,[8] the court found insufficient evidence to support a conviction of possession when the State relied, solely, upon circumstantial evidence. The *Leblanc* court stated:

> [T]he testimony and evidence in this case established that the Defendant was spotted at a location being investigated for drug trafficking. The Defendant was the owner and driver of the car on the premises. Inside the vehicle on the front passenger side was a closed knapsack, which contained twenty-one Ziplock bags of marijuana, weighing nearly one and one-half pounds. This location was easily within the reach of and accessible to the driver. These facts support a finding that the Defendant could have exercised dominion and control over the illegal substance.
>
> On the other side of the question, there was no evidence presented at trial that the Defendant knew about the presence of drugs at the house or drug trafficking at the residence. There was no evidence introduced at trial that the Defendant had drugs or drug paraphernalia on his person at the time of arrest, nor was there evidence introduced at trial that he knew the contents of the knapsack. The knapsack had no identification or other indicia of ownership. A passenger in the vehicle claimed, both at the scene and at trial, to be the owner of the knapsack. There was no evidence that the Defendant had a history of drug distribution. Defendant's mere presence at the . . . house is not enough to convict.[9]

The *LeBlanc* court further acknowledged:

> The credibility determination takes [the witness'] direct testimony out of the picture, leaving the case one of circumstantial evidence against the Defendant regarding possession of the marijuana. The only circumstance that was proved that weighs against the Defendant is that marijuana was found in a closed knapsack on the passenger side of his car. There was simply no other evidence presented in this short trial. . . . The record evidence is simply insufficient for an inference of actual or constructive possession.
>
> . . . .
>
> We find that Defendant's hypothesis of innocence was reasonable and not sufficiently negated and thus, a rational fact finder could not

---

[8]01-1503 (La.App. 3 Cir. 6/5/02), 819 So.2d 424.

[9]*Id.* at 427.

4

conclude beyond a reasonable doubt that the Defendant was aware of the contents of the knapsack and exercised dominion and control over it.[10]

Perhaps the strongest evidence in the instant case is the trooper's testimony, establishing that Mr. Major claimed himself to be the renter of the vehicle. However, apparently, the *LeBlanc* court gave little weight to the Defendant being the owner of the car, even though the knapsack of marijuana was within an arm's length.

The presence of the dryer sheets in the rented vehicle is also subject to an innocent interpretation. The State never established where the dryer sheets were originally found; thus, it is not clear whether the Defendant would have known they were in the car. Moreover, even if they were being used for concealment and he knew this, the intended drug-scent being concealed could have been the marijuana the passengers used.

Another possible indication of guilty knowledge is the evidence that Mr. Major and his passengers gave conflicting accounts regarding the origin and destination of their trip. However, the State never established that the Defendant's account was false; further, the presence of marijuana, which he clearly knew about, could easily explain any deceit on his part regarding this matter.

Also, the apparent discrepancy regarding the rental agreement, which was six months old and did not bear the name of any of the vehicle's occupants, stands in a similar posture. The evidence on this matter is ambiguous; the State made a point of establishing the fact that the Defendant claimed to be the renter of the vehicle and, merely, introduced the rental agreement without further clarification. Although odd, the status of the rental agreement was not indicative that he knew about the concealed cocaine under the dashboard.

Similar to our recent holding in *LeBlanc*, we find that the State failed to establish that Mr. Major had guilty knowledge of the cocaine. The record evidence is simply insufficient for an inference of actual or constructive possession. Thus, a rational factfinder could not have concluded beyond a reasonable doubt that he was aware of the cocaine and that he exercised dominion and control over it.

---

[10]*Id.* at 428-29.

In a more recent case, *State v. Odle*,[11] this court found that the State had proved guilty knowledge, concerning a defendant driver of a vehicle. However, *Odle* is easily distinguishable, given that the driver substantially modified the subject vehicle. He hid cocaine in the gas tank and modified the gas gauge. Also, the car contained an overabundance of different types of air fresheners.

Thus, in light of *LeBlanc*, we reverse Mr. Major's conviction and sentence and order an acquittal. Our finding that there was insufficient evidence to sustain a conviction of possession renders it unnecessary for us to discuss the Defendant's remaining assignments of error.

## CONCLUSION

We reverse the Defendant's conviction and sentence and order an acquittal.

**REVERSED.**

---

[11]02-226 (La.App. 3 Cir. 11/13/02), 834 So.2d 483, *writ denied*, 03-625 (La. 6/20/03), 847 So.2d 1219.